# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF TENNESSEE
# Nashville Division

**JAMES HUMPHREYS,**

    **Plaintiff,**

**v.**                                         **No.: _____**

**SWIFTY OIL CO., INC.**                  **JURY DEMANDED**

    **Defendant.**

## COMPLAINT

PLAINTIFF, James Humphreys, brings this action against the Defendant and alleges as follows.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has personal jurisdiction over the Plaintiff, a resident of Davidson County, Tennessee and the Defendant, who does business in Davidson County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff worked for Swifty Oil Company, Inc. (hereinafter "Defendant") at a location in Nashville, Tennessee. During his employment with Defendant, he was a covered employee under the FLSA.

5. The Defendant is a covered "employer" under the FLSA.

## II. FACTUAL BASIS FOR SUIT

6. During the course of Plaintiff's employment with Defendant, he was given the title "store manager."

7. During Plaintiff's employment, Plaintiff has performed work in excess of forty (40) hours per week on a regular and repeated basis.

8. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

9. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

10. Plaintiff was informed by Defendant that he was not entitled to overtime compensation because his position was "exempt" from the requirement to pay additional compensation for hours worked in excess of forty (40) under the Fair Labor Standards Act.

11. Contrary to Defendant's written job description said, Plaintiff did not have the authority to hire and fire for the entire time he served as a "store manager." Likewise, Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

12. To the contrary, Plaintiff generally did not even attend the interviews of employees for his store.

13. Plaintiff's supervisor Landy Clary informed Plaintiff that only he (Clary) could interview and hire employees.

13. Moreover, decisions regarding firing employees at the store where Plaintiff was "store manager" were generally made without Plaintiff's knowledge or consultation.

14. Defendant generally did not follow or solicit Plaintiff's recommendations regarding advancement, promotion, or any other change of status of other employees.

15. The actual job duties of Plaintiff were not those of "exempt" employees. Plaintiff's job duties required him to spend the majority of his time in physical labor pursuits such as stocking shelves, kept cash belt like other employees, doing price changes, setting up sales signs, mopping floors, sweeping the parking lot, cleaned bathrooms, washing windows, setting up displays, assisted delivery persons unloading trucks, placing stock in the storeroom and cigarette safes, assisting customers, and pumped gas.

16. These duties constituted the vast majority of Plaintiff's work day. Indeed, Plaintiff was outside pumping gas the vast majority of this time.

17. Defendant's failure to pay Plaintiff overtime wages is a willful violation of the FLSA.

18. Defendant is unable to bear its "substantial burden" of showing its failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## IV.   CAUSES OF ACTION

19. The forgoing facts are incorporated by reference as if fully stated herein.

20. Plaintiff brings the following claim against Defendant:

    Failure to pay overtime wages in violation of the Fair Labor Standards Act.

21. Plaintiff demands a jury.

## VI.   PRAYER FOR RELIEF

22. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA;

3

Case 3:11-cv-00172   Document 1   Filed 02/24/11   Page 3 of 4 PageID #: 3

23. A declaratory judgment that Defendant's violations of the FLSA were willful;

24. An award to Plaintiff of damages in the amount of unpaid overtime compensation to be proven at trial;

25. An award to Plaintiff of liquidated damages in an amount equal to the overtime compensation shown to be owed to him pursuant to 29 U.S.C. § 216(b);

26. An award to Plaintiff of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

27. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s/ Clinton H. Scott
CLINTON H. SCOTT (23008)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
cscott@gilbertfirm.com

MICHAEL L. RUSSELL (20268)
1616 Westgate Circle, Suite 228
Brentwood, Tennessee 37027
Telephone: 615-467-6372
mrussell@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*

4